**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MELISSA BAILEY,**

      **Plaintiff,**     Case No.:

**v.**

**THE ANIMAL CARE CENTER
OF PASCO COUNTY, INC.,**

      **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, MELISSA BAILEY, by and through her undersigned counsel and sues the Defendant, THE ANIMAL CARE CENTER OF PASCO COUNTY, INC. (hereinafter referred to as " Animal Care Center" or "Defendant") and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Defendant, ANIMAL CARE CENTER, is a Florida Profit Corporation authorized and doing business in this Judicial District.

4. Plaintiff, MELISSA BAILEY, is a resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Age Discrimination in Employment Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, MELISSA BAILEY, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on August 14, 2019. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

10. On October 21, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has not yet satisfied all conditions precedent, pursuant to Chapter 760, *Florida Statutes*. However, Plaintiff intends to seek leave of court to amend this Complaint after exhausting her administrative remedies and satisfying all conditions precedent.

## FACTUAL ALLEGATIONS

12. Plaintiff is 44 years old.

13. On or about September 3, 2017, Plaintiff was hired by Defendant as a Kennel Technician.

14. During Plaintiff's employment with Defendant, Plaintiff understood that she was doing a good job.

15. In fact, after Plaintiff's first annual review, Plaintiff received a pay raise.

16. Additionally, Plaintiff did not receive any formal discipline during her employment with Defendant.

17. While working for Defendant age was often brought up by Plaintiff's supervisor, Heather Justice.

18. The majority of employees working at Plaintiff's location were in their 20s and that was often mentioned to Plaintiff by Justice.

19. On at least one occasion, Justice referred to Plaintiff as "old timer."

20. On June 11, 2019, Plaintiff was terminated from her employment with Defendant.

21. During Plaintiff's termination meeting, Justice told Plaintiff that she was being let go because Plaintiff was "older" than the others and further noted that Florida is an at-will employment state.

22. On June 14, 2019, Plaintiff sent a text message to Justice and, among other things, reiterated Justice's statement that Plaintiff was fired because she was older than the others.

23. Justice responded to Plaintiff's text and did not deny saying that Plaintiff was fired because Plaintiff was "older."

24. Instead, Justice stated that Plaintiff was not let go because of Plaintiff's work and "ultimately, Plaintiff was unable to work cohesively with others."

25. Justice further noted that Plaintiff was not eligible for rehire at any of Defendant's locations.

26. Plaintiff was ultimately replaced by an individual or individuals substantially younger than Plaintiff.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT—DISCRIMINATION

27. Plaintiff, MELISSA BAILEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

28. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act and was qualified for her job with Defendant.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Specifically, Defendant terminated Plaintiff's employment because of her age.

30. Defendant knew, or should have known of the discrimination.

31. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional and willful.

32. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MELISSA BAILEY, demands a trial by jury and judgment against Defendant, ANIMAL CARE CENTER, for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive relief;

    f. Attorneys' fees and cost;

    g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

34. Plaintiff, MELISSA BAILEY, demands a trial by jury on all issues so triable.

**DATED** this 15th day of January 2020 .

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*